APPEAL OF WADHAMS & CO.

Docket No. 617.   Submitted June 2, 1925.   Decided September 9, 1925.

*Arthur F. Jones, C. P. A.,* for the taxpayer.
*John D. Foley, Esq.,* for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS

This appeal involves a deficiency in income tax for the calendar year 1920 in the amount of $1,350.40, and is based upon the refusal of the Commissioner to permit the taxpayer to file a consolidated return with the Perfection Manufacturing Co.

### FINDINGS OF FACT.

1. The taxpayer is a corporation organized under the laws of the State of Oregon, having its principal place of business in Portland. It was engaged in the wholesale grocery business and also in the manufuacturing business.  During 1918 the taxpayer organized the Perfection Manufacturing Co. for the manufacture of ice cream cones and took over all of its stock, for which it paid cash and tangible assets.  Prior to 1918 it gave 20 per cent of the stock of the Perfection Manufacturing Co. to one Ben Opitz, in consideration for his services as an inventor, retaining 80 per cent of the stock of that company.  Opitz represented himself as being an inventor and an expert mechanic, and he was to develop certain machinery and certain patents upon which he was working at that time, and he was also to further the interests of the Perfection Manufacturing Co. and to assist in making it a financial success.

2. There was an agreement in writing between Opitz and the corporation whereby Opitz agreed not to sell this stock to outsiders without first offering it to the corporation.  In September, 1918, Opitz left the employ of the corporation because his plans did not materialize, his ideas did not work out successfully, and the corporation had no further use for his services.  He did not offer his stock to the corporation and the corporation made no effort to secure it.

3. The Perfection Manufacturing Co. was financed by the taxpayer.  At the end of 1920 the taxpayer had advanced $35,531.72, which amount exceeded the value of the tangible assets of that corporation.  The taxpayer directed and controlled the policies of the Perfection Manufacturing Co. and fixed the prices at which that company made its sales.  The secretary of the Perfection Manufacturing Co. was an employee of the taxpayer and received his instructions from that company.  For his services in keeping the

books of the Perfection Manufacturing Co. he was paid by that company $25 per month. Products of the Perfection Manufacturing Co. were marketed by the taxpayer. This involved the employment of 25 salesmen in addition to practically the entire time of the sales manager of the taxpayer. No charge was made against the Perfection Manufacturing Co. for the expense involved in marketing its products.

4. The by-laws of the Perfection Manufacturing Co. provided for the decision of any question arising at a stockholders' meeting by a majority of the stockholders present.

### DECISION.

The determination of the Commissioner is approved.

ARUNDELL not participating.